Beebe v. Stutsman et al.

Beebe *v.* Stutsman *et al.*

Where in an action of trespass, for destroying a toll-bridge, the plaintiff asked the court to instruct the jury as follows: "That the plaintiff "would have a right to recover for damages done to a bridge built by "him under authority of a court having a right to grant such authority, "even though such bridge was not on a public highway," which instruc-

tion the court refused to give; *Held*, That the instruction was improperly refused.

Where the applicability of an instruction asked and refused by the court, is not manifest from the record, the appellate court will not presume that there was error in the refusal to give the instruction.

It is the duty of the court to determine the nature of the action, or for what the plaintiff seeks to recover. Such questions should never be left to the examination and decision of a jury.

Where in an action of trespass, for destroying a bridge, and killing and destroying the hogs and cattle of the plaintiff, the court instructed the jury as follows: "That if they believe, from the pleadings and evidence, "that this is an action merely for an alleged injury to the realty, and "that there is no evidence that the realty is located in Pottawatamie "county, or that the injury, if any, was done in that county, to said "realty, they may find for the defendants, the venue in such cases being "local and material;" *Held*, That the instruction was erroneous.

Where in an action of trespass for destroying a bridge, the defendants denied that the land upon which the bridge was erected, belonged to the plaintiff, at the time of the commission of the said supposed trespass; and where the plaintiff replied that he was in full, quiet, and perfect possession of said property; and entitled to enjoy the same, to which replication there was no rejoinder; and where the court instructed the jury as follows: "That although the plaintiff may produce a license "from the county judge of the proper county, to erect a toll-bridge as "alleged, on a regularly laid out highway, leading across the stream "over which the bridge was erected; yet, if plaintiff was not the "owner of the land on which said bridge was erected, said license did "did not authorize said plaintiff, to take for the construction of said "bridge, the personal or real property of another, until the damages "therefor, if any, had been ascertained previously, according to the "statute in such case made and provided;" *Held*, That the instruction was not warranted by the case, and was erroneous.

### *Appeal from the Harrison District Court.*

### TUESDAY, DECEMBER 8.

Trespass. Plaintiff claims two thousand dollars, for the alleged wrongful acts of defendants, in destroying a certain toll-bridge, belonging to him, as, also, for tearing down and removing his fences, and for killing and destroying his hogs, cattle, and sheep. The defendants deny the trespasses charged, and aver that the land upon which the bridge was located, did not belong to the plaintiff at the time of the alleged trespass. Plaintiff replied that, at the

time of the commission of said trespasses, he was in full, quiet, and perfect possession of the said property, and entitled to enjoy the same.   On the trial, certain instructions were given and refused, to which plaintiff excepted; and judgment being for the defendants, plaintiff appeals.   The instructions will be found in the opinion of the court. The action was commenced in Pottawatamie, and the venue changed to Harrison county.

*Clarke & Henley*, for the appellant.

No appearance for the appellees.

WRIGHT, C. J.—The errors assigned in this case, relate alone to the instructions given, and refused by the court below.   We shall confine ourselves to the more material ones. And first, the following instruction, asked by plaintiff, was refused : " That the plaintiff would have a right to recover, for damages done to a bridge built by him, under the authority of a court having a right to grant such authority, even though such bridge was not on a public highway." In refusing this instruction, we think, there was error. Whether the bridge was, or was not, built on a public highway—whether it was, or was not, built under the authority of the proper county court—could in no manner change the liability of the defendants, for wantonly destroying the same.   If A shall build a bridge, distant from any public road, so that no person may ever pass it, and though he may build it with or without the license of the proper court, no one has a right, because it is thus distant from the highway, to destroy it.   It is as much his property, and he has the same right to build it, and be protected in the possession and enjoyment of it, as if erected on the highway, and recognized and treated as a part of it.

The plaintiff asked the following instruction, which was refused, and he excepted, " that no person has a right to tear down and remove a bridge from a public highway,

even though it be on his own land." As between the parties to this controversy, it is somewhat difficult to perceive the pertinency of this proposition, so general as it is, in the language used. For if the bridge destroyed, was simply a part of the highway—the plaintiff, having no other interest therein, than as one of the public—then, the instruction, to say the least of it, would be immaterial, and might, therefore, be properly refused. As between the defendants and the public, or the state, this proposition might be correct. If, however, the plaintiff insists upon the instruction, upon the ground that he built the bridge, and owned and possessed it as his own property, then its correctness or incorrectness would depend upon so many circumstances, none of which are disclosed in this record, that we could not, at present, undertake to say that it was improperly refused. None of the testimony is before us, and it may be, that this tended to show that he built it under such circumstances, as gave him no right to it whatever, and, therefore, had no cause for complaint, though it may have been destroyed by defendants. Without determining, therefore, whether the instruction would be correct, under a state of case easily supposed, we only decide that its applicability is not so manifest, as to lead us to conclude that there was error in its rejection.

The next error assigned, relates to the giving of the following instruction, asked by defendants: "That if they believe, from the pleading and evidence, that this is an action merely for an alleged injury to the realty, and that there is no evidence that the realty is located in Pottawatamie county, or that the injury, if any, was done in said county to said realty, they may find for the defendants, the venue in such cases being local and material." To say no more, there are two objections to this instruction: The first is, that it submits to the jury to determine from the pleadings, the nature of the action, or for what it was that the plaintiff sought to recover. It is the duty of the court to determine such questions, and they should never be left to the examination and decision of a

jury.    See *McKinney* v. *Hartman*, 4 Iowa, 154.
In the second place, it assumes as true, that which is contradicted by the pleadings in the case. Plaintiff seeks to recover, not only for tearing down and removing the bridge, and for a like injury to his fences, but also for killing and destroying his cattle and hogs. As to the personal property, there could be no pretence that the action was local, and it was most manifest error, to leave it to the jury to determine from the pleadings, (in the language of the instruction), whether this was an action merely for an alleged injury to the realty. It is true, they are left to determine from the evidence, as well as the pleadings, but it was radically wrong to so present the question, as to permit them to determine, what is settled by the pleadings, directly contrary to what is assumed by the language of the instruction.

The Court, at the request of the defendants, gave the following instruction, the giving of which was excepted to, and is now assigned for error: "That although the plaintiff may produce a license from the county judge of the proper county, to erect a toll bridge on the Nishnabottany, as alleged, on a regularly laid out highway, leading across said stream, yet if said plaintiff was not the owner of the land on which said bridge was erected, said license did not authorize said plaintiff to take, for the construction of said bridge, the personal or real property of another, until the damage therefor, if any, had been ascertained previously, according to the statute in such case made and provided." However correct it may be, as an abstract proposition, yet this instruction, it seems to us, was not warranted, when we consider the nature of the plaintiff's action, and the issues made by the pleadings. Plaintiff, in his petition, charges the defendants with the destruction of a toll bridge erected by him, across the Nishnabottany, the same being built by him under a license from the proper county court, in accordance with the statute in such case made and provided. The defendants plead not guilty, and also deny that the land, upon which the bridge was erected, belonged

to plaintiff, at the time of the commission of the said supposed trespass. The plaintiff replied, that he was in full, quiet and perfect possession of said property, and entitled to enjoy the same. To this replication, there was no rejoinder. If we take it, as true then, as we might from this view of the pleadings, that plaintiff was, at the time of the supposed trespass, in the full and quiet possession and enjoyment of this bridge, it would certainly be no defense, that at the time of procuring the license to erect the same, the land, on which it was to be situated, belonged to another person. Under such circumstances, defendants would have no right to destroy the bridge, though it might be true that it was erected on the land of another, without first ascertaining the damage of such other person. The issue thus made, is not that the land upon which the bridge was built, belonged to a third person at the time of procuring the license, but at the time of its destruction. But lest this may be regarded as improperly narrowing the meaning and spirit of the pleadings and instruction, we will endeavor to give the appellees the full benefit of every reasonable intendment, to be drawn from the language used, and see if said instruction should have been given. If this instruction has any meaning, or pertinency, it can only be, that inasmuch as plaintiff would have no right to take the personal or real property of another, for the construction of his bridge, until the value thereof, or damages therefor, had first been ascertained, therefore, defendants would be justified in destroying the same. If this is not its meaning, then we cannot conceive what it could possibly have to do with the case. And, thus construed, it is clearly incorrect. If the plaintiff had authority or license from the proper county court to erect his bridge, his failure to compensate either the defendants, or any other person, for any damages they might sustain, on account of property taken for the purpose of said erection, would, by no means, warrant them in tearing down and removing the bridge so erected. If he proceeded contrary to law; or, if he was about to appropriate their property to his use; or, if he

had, in fact, so appropriated it, without rendering a just compensation, their remedy, in either event, was complete and ample in the courts of the country, and they would have no right to wilfully destroy the structure so erected. What might be the right of defendants, if plaintiff had, as a trespasser, without any color of right, entered upon their lands and erected the bridge, we need not determine. We only hold, that the failure to ascertain the damages resulting under the circumstances supposed in this instruction, would afford no justification to defendants for the trespass complained of.

Appellant finally assigns for error an instruction numbered seven, asked by defendants, and given. This instruction is very lengthy, and attempts to set out, as we conclude, the facts, as defendants claim therein, relating to the title to the land where the bridge was erected, and to deduce therefrom certain legal propositions. It is very evident that the instruction has been incorrectly copied into the transcript, for, as presented to us, it is entirely unintelligible, and conflicting in its statement of the facts as claimed. Inasmuch, therefore, as the case must be reversed, in consequence of the errors before considered and in view of the further fact, that the law applicable to the state of facts, as probably assumed in said instruction, may be sufficiently gathered for the purpose of a second trial, from what has already been said, we forbear considering the last error assigned, but will remand the cause for trial *de novo*, where such instruction, if desired, may be put into more intelligible form.

Judgment reversed.