The State of Iowa v. Gibbons.

---

### The State of Iowa v. Gibbons.

1. INSTRUCTIONS. In charging a jury the court is not limited to the language adopted by the party asking instructions.
2. SAME. An instruction which is correct as a statement of the law should be refused when the evidence and pleadings do not show that it is pertinent. The court should not regard the degree of pertinency—it should be given if there is any basis for it in the facts of the case.

*Appeal from Dubuque District Court.*

FRIDAY, DECEMBER 9.

INDICTMENT for murder in the first degree, for the killing of Thomas Donahoe. The manner of committing the homicide is charged to have been by striking, beating and kicking the deceased. The defendant was found guilty of manslaughter. The errors assigned, and the matters pertaining to them, appear sufficiently in the opinion of the court.

*John H. O'Neal* and *H. T. McNulty* for the appellant, cited in support of the instructions asked by the defendant and refused by the court, 1 Russ. on Cr. (7th Am. ed.) 661 and note; *Shorter* v. *The People*, 2 Com. 193; *Granger* v. *The State*, 5 Yer. 459.

*S. A. Rice*, Attorney General, for the State, in his argument relating to the instructions, cited 1 Arch. Cr. Pr. & Pl. 117 note 1; Will's Cir. Ev. 209; *Commonwealth* v. *James McKee*, 1 Gray 61; *Commonwealth* v. *Webster*, 5 Cush. 320; *Sumner* v. *The State*, 5 Blackf. 580; *Findley* v. *The State*, Ib. 576. An instruction on an abstract principle, not shown by the pleadings and evidence to be correct, should be refused by the court. *Beebe* v. *Stutsman et al.*, 5 Iowa 271; *Welsh* v. *Savery*, 4 Ib. 241; *Gover* v. *Dill*, 3 Ib. 337; *Conger* v. *Dean*, Ib. 463.

WOODWARD, J.—The first assignment of error is the refusal of the court to give the sixth special instruction asked by the defendant.

The defendant requested the following instruction: "That this being a case of circumstantial evidence, the jury cannot legally find that the fracture of Donahoe's skull was caused by an injury inflicted by the defendant, unless [they find, that there is no possibility of reasonably accounting for such fracture by accident."] The court refused to give this in the above terms, but instructed with the following change of the words in brackets, "unless they find that there is no reasonable probability that such fracture was caused by accident."

In charging a jury the court is not limited to language

The State of Iowa v. Gibbons.

adopted by the party requesting instructions. This has been held by this court in several instances. If there is any real difference in the above modes of expression, that of the court is the most nearly correct, for the terms "no possibility," used by the defendant might warrant an unfounded assumption which would be clearly erroneous.

The second assignment is to the refusal to give the eighth and ninth instructions requested by the defendant, and assuming to decide from the evidence that they had no application to the case.

One of these instructions was, in substance, "That if the jury believe from the evidence that the defendant was first attacked by the deceased, under circumstances such as furnish reasonable grounds for apprehending a design to do the defendant a great bodily harm, and he had reasonable grounds for believing the danger imminent although it was not so in fact, then the defendant was justified."

The other instruction requested was, in substance, "That if the jury believe that defendant through fear, alarm, or cowardice inflicted a mortal blow upon the deceased, under the impression that great bodily injury was about to be inflicted upon him by the deceased, although he was really in no great danger of bodily harm, it is neither murder nor manslaughter," &c.

It is in the province of the court to determine whether there is foundation in the evidence for any particular instruction to the jury.

At the same time it is true that the court is not to be governed by the degree of evidence, but should give the instruction if there is any basis for it to stand upon. But it has been repeatedly decided by this court, that an instruction, though correct in law, should be refused unless the evidence or the pleadings show it to be pertinent, and that there is a basis for it in the facts of the case. *Beebe* v. *Stutsman*, 5 Iowa 271; *Gover* v. *Dill*, 3 Ib. 337; *Conger* v. *Dean*, Ib. 463; *Abbott* v. *Striblen*, 6 Ib. 191.

The bill of exceptions professes to contain "all the testi-

mony in regard to the infliction of the injury committed up-
on Donahoe," and from this we are of the opinion that the
court ruled correctly in rejecting the instructions, for they
assume that there is evidence touching this point, whilst in
fact there is none at all indicating an attack or a threat by
the deceased on the defendant.

The third error assigned is, that the jury was not sworn
to render a verdict according to the law and evidence, but
only, as the defendant objects, according to the evidence.
This assignment is based upon a mistake of fact, for the
record states that they were sworn to try the case "accord-
ing to the evidence given them before the court, and the
laws of the State."

Therefore, there being no error found in the judgment or
proceedings, the judgment of the District Court is affirmed.