## MURRAY *v.* SILVER CITY, D. & P. R. Co.

Filed January 21, 1886.

1. PLEADING AND PROOF—EVIDENCE—INSTRUCTIONS.

In an action against a railroad company for personal injuries, where the allegation of negligence in the declaration is that the defendant, "by its servants, so carelessly and improperly drove and managed its locomotive engine and train that by and through the negligence and improper conduct of the defendant, by its servants, in that behalf, said locomotive engine and train" ran over and injured plaintiff's minor son, evidence that the injury occurred in consequence of the defective construction of defendant's station platform, which was built so near the track that the coaches projected over it a foot, is inadmissible, and an instruction submitting that issue to the jury is error.[1]

2. SAME—OBJECTION—WAIVER.

Where evidence is clearly outside the issue as made by the declaration, defendant's right to object to it is not waived by his failure to do so when it is offered, but if the objectionable testimony is of such a character that it can be easily designated and separated from the other evidence, a motion after all the testimony is in, and before the argument, to exclude it from the consideration of the jury, should be sustained.

*Murat Masterson*, for appellee.

*H. L. Waldo* and *Frank Springer*, for appellant.

LONG, C. J. This cause is an appeal from the Third judicial district court of the territory, sitting in the county of Grant. In that court John Murray filed an amended declaration, upon which issue was joined by the defendant in that court, the appellant here. There was trial by jury, and judgment of $3,280 for the appellee. The questions for our consideration are properly presented in the record. The action was for an alleged injury to a child of plaintiff, charged to have been inflicted by the defendant below in improperly driving and managing its locomotive engine and train at the time and place stated in the declaration. To a proper consideration of the points upon which the case must be decided the exact terms of the declaration are important, and here stated so far as necessary to an understanding of the issue tried below. That part of the declaration is as follows:

"For that whereas, the plaintiff, on or about the sixteenth day of February, A. D. 1884, was the parent and master of John Murray, Jr., his child and servant, a boy then under the age of 7 years, who then resided at the home of the said plaintiff, in the town of Deming, in the county of Grant and territory of New Mexico; and whereas, the defendant, on the day and year last aforesaid, at, to-wit; the county of Grant and territory aforesaid, was the owner and used and operated a certain railroad then and there extending through a part of the county aforesaid, which said railroad track then extended.

[1] See Butcher v. Railway Co., (Cal.) 5 Pac. Rep. 359; Kuhns v. Railway Co., (Iowa,) 31 N. W. Rep. 868; Railway Co. v. Brinker, (Tex.) 3 S. W. Rep. 99; Sell v. Lumber Co., (Mich.) 38 N. W. Rep. 451; Mayor v. Wilson, (Ga.) 9 S. E. Rep. 17; Robbins v. Diggins, (Iowa,) 43 N. W. Rep. 306; Railway Co. v. Tompkins, (Ga.) 10 S. E. Rep. 356; Ridenhour v. Railway Co., (Mo.) 13 S. W. Rep. 889.

into a narrow passage-way of a platform, at and near its terminus at the town of Deming, in said county of Grant; and the defendant was then and there possessed of a certain locomotive engine, with a certain train of cars, which, then and there being operated by said defendant, was then and there pushed backward, or thrown by a flying switch, into said open cut or passage-way, said locomotive engine and train being then and there under the care and management of their drivers, then servants of the defendant, who were then and there driving the same along its said railroad into the said passage-way of its said platform provided by said company to receive and discharge its passengers and baggage; and while the said John Murray, the said child and servant of the said plaintiff, with due care and diligence, was then and there upon said platform near said defendant's railroad, at, to-wit, the county of Grant and territory of New Mexico, the said defendant then and there, by its said servants, so carelessly and improperly drove and managed its locomotive engine and train that, by and through the negligence and improper conduct of the defendant, by its servants in that behalf, said locomotive engine and train then and there, at, to-wit, the county of Grant and territory aforesaid, with great force and violence ran against, struck, and threw, with force and violence, the said child and servant, John Murray, Jr., upon the track of the defendant's railroad in the passage-way of said platform, so that the wheels of the said locomotive engine then and there struck and passed upon and over the said child and servant of the said plaintiff, and did then and there break, crush, and mangle the right leg of him, the said child and servant, near the knee joint of his said leg, so that the amputation thereof was necessary and indispensable to save his life; and did otherwise greatly bruise, hurt, and wound the said child and servant, so that he was sick, sore, and maimed and disordered for a long space of time, to-wit, hitherto,'' etc.

The inquiry arises upon this: What was the issue tendered? That must be determined by the letter and spirit of the declaration, bearing in mind the rule that a plea is to be construed most strictly against the pleader. Apt words are used to state the particular wrongful acts complained of.

"Said defendant then and there, by its said servants, so carelessly and improperly drove and managed its locomotive engine and train that, by and through the negligence and improper conduct of the defendant, by its servants, in that behalf, said locomotive engine and train, with force, violence," etc.

It is the careless and improper manner of driving and managing the train which plaintiff charges to be the cause of the injury. That is the very point in question, without which this action as brought could not be maintained. Suppose a special verdict upon such a declaration were returned, reciting all the other material averments thereof as found for plaintiff, but finding, further, that the only cause of the injury was the improper and negligent construction of defendant's passenger platform at the place of accident, could it be at all sustained as within the issue? A careful reading of this declaration would not suggest to defendant that it was to answer for the negligence of its servants in the careless construction of a passenger platform in such close proximity to the railroad track as to be dangerous for passengers to stand upon while waiting the approach of incoming trains. It is not to be believed the engineer, conductor, and train-

men constructed the platform as a part of their duty in driving and managing the train.   Other servants of the defendant must have charge of the construction of platforms.

To hold that negligence in the construction of the passenger platform could be considered under this declaration would be to maintain that negligence might be alleged against the defendant in the acts of one class of its servants, charged with one duty,—to-wit, trainmen in driving and managing the train,—and recovery be had for negligence in their work of a different set of servants, upon other duty, namely, carpenters constructing approaches to the track.   What word in this declaration gives the defendant notice that it is to be held liable for the negligence of servants in constructing a passenger platform too near the track, or in such relation to incoming trains as to be dangerous to passengers standing thereon?   Every defendant is entitled to have the cause of action alleged against him so specifically stated that he may know with certainty what he is to meet, and that it may bar another action for the same cause, and to have the issue thus made, and not another, tried upon the facts stated.

It is elementary that the evidence must be confined to the issue. If it were permitted to make one issue by the pleadings, and try a different one under the evidence, endless confusion would arise.   An examination of the evidence will show how important it is to maintain the rule stated.   On behalf of plaintiff, cross-interrogatories propounded to James B. Schultz were read.   The statements contained therein defendant, in his motion to exclude from the jury, regarded as outside the issue.   They are as follows:

"*Interrogatory* 2. Did not the accident occur on the platform provided by the said railroad company for passengers to get on and off its cars?  *Answer.* Yes; it did.   *Int.* 3. Was not the passage-way in which the boy was hurt so narrow that the cars projected over the edge of the platform about a foot on either side?   *A.* Yes; it was.   *Int.* 4. Is it not true that such a boy standing near the edge of that platform, ahead of the cars backing in, would be hidden from the engineer on the engine, and could he not then, in that position, be struck by the cars so backing in?   *A.* Yes; he could."

John Murray, the boy injured, testified:

"I was standing on the porch, [which he afterwards explained to be the passenger platform.]   The cars were backing in.   I rubbed my hands against them.   Something hit my foot.   I grabbed hold of the hand-holt, and something turned me around, and I fell.   I was about two feet from the car.   I was so my hand could touch the cars.   Something tripped me off and swung me around."

John M. Martin called:

"I was standing on the platform when the cars came down.   I saw the little boy just before that standing close to the edge of the platform.   I think it was the car-step that knocked the boy off the platform."

J. M. Wiggins:

"I think he had hold of the iron railing with one hand, and the steps struck him, and turned him around."

This evidence, given to the jury by the plaintiff, is quoted to show its bearing upon interrogatories 2, 3, and 4 answered by the witness Schultz.

According to his evidence, the car projected a foot over the platform, and the boy, if standing near the edge of the platform, would be struck by the incoming car. The witnesses quoted state that is exactly where the boy did stand, and that he was there struck by the steps of the car. The jury might very reasonably conclude from this evidence that the platform was built so near the track that the coaches projected over it a foot, as Schultz states, and that the boy, standing very near the edge, was knocked off by reason of this projection, and without any negligence in the actual driving or managing of the train; especially so, as there was evidence tending to show the train at the time of the accident was going at a slow rate of speed, and being carefully managed. Under this evidence we are impressed the jury was urged to find for the plaintiff on ground other than negligence of defendant's servants in "driving and managing the train," and are confirmed in this view by the following from appellee's brief: "We maintain the evidence shows the defendant's depot platform was improperly constructed, and dangerous to the public." An instruction of the court carried to the jury a consideration of the same question. Defendant asked the court to instruct the jury that whether the cars did project over the platform or not made no difference, and this instruction was refused. From all this, it is apparent that the manner in which the platform was constructed with reference to the track was regarded in the court below as important, as a distinct act of negligence, and was so considered, outside the issue, by the jury. We cannot perceive how the act of other servants in the construction of the platform can be legally considered as tending to prove negligence "in driving and managing the train." If the platform was constructed so near the track as to constitute a trap dangerous to life or limb, by reason of improper and unsafe approaches to the cars, that is matter which should be alleged to become admissible for the purposes for which the evidence was used on the trial of this cause.

After all the evidence in the cause was introduced, and before argument to the jury, appellant moved the court "to exclude from the jury all testimony tending to show the cut or platform where defendant moved its train to the depot and discharged its passengers was unsafe and improperly constructed, for the reason that plaintiff does not complain of anything of the kind in the declaration." The motion was overruled, and defendant excepted, and the action of the court thereon is before us. Appellee contends the question raised by the motion cannot be considered here. The record shows when this evidence was first offered and given to the jury defendant did not object. Appellee urges that thereby defendant waived its right to object at a later stage of the proceedings, and could not, after the evidence was

given to the jury, be sustained on a motion to exclude it; and cites authorities to support his contention, which are here considered.

*Camden* v. *Doremus*, 3 How. 515–530, is a case where, in the trial court, certain depositions were read in evidence. After each deposition was offered by the plaintiff the defendant objected to its introduction. He did not object to any specific part, nor did he state any ground of objection whatever. The supreme court ruled that the objection was so general that it could not be considered in the court below.

In *Hinde* v. *Longworth*, 11 Wheat. 199, an objection was made in the trial court to certain evidence upon specific cause then pointed out. The objection was not sustained, and the cause went to the supreme court for review. Then a new ground of objection was urged, and was not allowed, and the following stated as a correct proposition: "As a general rule, we think the party ought to be confined in examining the admissibility of evidence to the specific objection taken to it." There can be no doubt of the rule stated, but it does not apply to the question here.

*Vourman* v. *Voight*, 46 Cal. 397, is not in point. In that case action was brought in the lower court against Voight on a contract and Spreckles as his guarantor. It was alleged that Voight agreed to receive and pay for certain liquors. Plaintiff alleged that he had delivered the liquors as he agreed to do; that Voight received them, and paid thereon $22,000, but refused to pay the remaining $2,000 due for the goods so delivered. Spreckles was a defendant under the allegations that he had guarantied payment. Evidence was offered on the trial by plaintiff. It was objected to jointly by both defendants, on the ground stated that it was "irrelevant, immaterial, and incompetent." The evidence went to the jury over objection, and the point carried to the supreme court of California for review. It was there held the evidence offered was admissible as against Voight, and, there having been no separate objection by Spreckles, that the court below was not in error. How the ruling tends to establish that the defendant in this action, by failing to object when evidence was offered, thereby waived the right afterwards to have it, on motion, excluded from the jury, we do not perceive.

*Roberts* v. *Graham*, 6 Wall. 581, is cited as directly in point. A careful reading of that case shows that in the trial court certain evidence was given by plaintiff without objection. An instruction was asked by the defendant, the legal effect of which was to direct the jury to disregard such evidence. The instruction was refused. The supreme court, upon an appeal of the cause, sustains the action of the trial court, and says:

"It does not appear that the defendant objected to the admission of the evidence, that he moved to have it excluded, or that he made any allusion to the subject, until he asked the court at the conclusion of the argument to instruct the jury."

The court does not say what would have been the duty of the trial court if the defendant before argument had moved to exclude the evidence. The doctrine of the case clearly is, that where no motion to exclude or objection to the evidence is made before argument the court is not bound to instruct the jury to disregard it.

*Rush* v. *French*, 1 Ariz. 125, is presented as sustaining appellee. In that case it is held, where no ground whatever of objection is made in the trial court to the introduction of evidence, the supreme court will not consider the action of the court below erroneous in admitting it.

The other cases cited by appellee to sustain his contention on this point have been examined, and are clearly distinguishable on principle, from this one. They do not sustain appellee's position. We have not found a case exactly in point. *Pool* v. *Devers*, 30 Ala. 675, is on this question much like the one under consideration. That action was for slander. The court says: "Upon the trial, the plaintiff proved he was a poor man; the defendant did not, at the time when this evidence was introduced, make any objection, but afterwards moved the court to exclude it. This evidence was illegal." It was held the court below erred in refusing to exclude the evidence, and on that ground the case was reversed. The motion in that case to exclude was during the trial, after another witness had been examined. Therein it is stated as a general rule: "It is the duty of the court, at any stage of a cause, to exclude from the jury illegal proof;" and the following authorities are there cited to sustain the proposition: *Bush* v. *Jackson*, 24 Ala. 273; *McCreary* v. *Turk*, 29 Ala. 244; *Pearsall* v. *McCartney*, 28 Ala. 110.

It must be remembered the appellant here clearly stated to the trial court the ground of his motion to exclude in these words: "For the reason that the plaintiff does not complain of anything of the kind in the declaration." It was thus, in unmistakable terms, brought to the attention of the court. An opportunity was given for the exclusion or withdrawal of the evidence, or the plaintiff could have invoked the power of the court for leave to amend.

The objectionable evidence was contained in two interrogatories read by plaintiff, easily designated and separated from the other evidence. But little time was consumed in its introduction. Under the motion made by defendant, no difficulty could have arisen as to what was meant; so the court below could not have based its ruling on the ground that defendant remained silent while valuable time was being consumed, and therefore held to have waived his objection. Entertaining this view, the evidence being so clearly outside the issue, and hurtful, we cannot hold that defendant, by omitting to object when the evidence was offered, thereby waived its right, and was precluded from moving to exclude. Under the circumstances of this case, defendant did not waive its right to object, and the motion to exclude should have been sustained. What the rule should be where

a party sits by and allows a large amount of evidence to go in, and the time of the court to be occupied, without interposing against objectionable evidence, it is not necessary now to decide.   The practice of waiting until the evidence is all before the court without objecting is one which we disapprove.   It tends to confusion and delay.   The better rule, and the one this court will require, unless in exceptional cases, is that the party shall object when improper evidence is offered, and clearly state the ground of his objection.   If a motion to exclude is made, it should set out in substance the objectionable evidence, so the motion on its face will contain the portion to which exception is taken.   Such a rule would impose no hardship, and tend to that certainty so important in matters of practice.

The following is an elementary rule:

"The evidence offered must correspond with the allegations, and be confined to the point in issue.   This rule excludes all evidence of collateral facts, or those which are incapable of affording any reasonable presumption of the principal fact or matter in dispute; and the reason is that such evidence tends to draw away the minds of the jurors from the point in issue, to excite prejudice, and mislead them."   1 Greenl. Ev. §§ 51, 52, 448.

The evidence contained in the interrogatories herein set out was allowed to remain before the jury in violation of the foregoing rule. The court, over the objection and exception of the defendant, gave the following instruction:

"The jury are instructed that it is the duty of defendant to provide suitable approaches and passage-ways for its engine and cars to come into its public depots; and also to provide suitable platforms for the public at such depots; and also to construct such platforms so that the steps of defendant's cars shall not project over such platforms in such a way as to be dangerous to the public.   And if the jury believe from the evidence that plaintiff's son was not a trespasser, and was rightfully standing upon defendant's platform at its depot in Deming, on the sixteenth day of February, 1884, as the train of defendant's came in from Silver City, and that, while so standing near defendant's train, was struck on the leg by a step of one of defendant's cars projecting over such platform, and was, by reason thereof, thrown down upon defendant's track, and the front wheel of defendant's engine passed over his leg, cutting it off,—then the jury will find for the plaintiff; unless they further believe, from the evidence, that at such time the boy was not rightfully upon such platform, and was a trespasser, and that he was injured by his own negligence and want of proper care,—then, in such case, they will find for the defendant."

This is a remarkable instruction considered with reference to the allegations of the declaration.   It entirely ignores the element of negligence in driving and managing the defendant's train.   The later part of it in effect tells the jury if the boy was rightfully on the platform, and was struck by the cars projecting over it, even though the projection was but an inch, that defendant was liable.   That instruction attaches liability to the defendant, even if the train was moving at the rate of a half mile an hour, and the servants all on the alert, and calling upon the boy to leave the platform, with ample time for him to remove.   It takes from the jury all question of negligence in the

management of the train, and assumes that the fact of running against the boy while he was rightfully on the platform was negligence as matter of law. He may have been rightfully there, and the defendant at the same time rightfully taking in its train with the utmost care and caution, and the hurt the result of an unavoidable accident, and yet, under that instruction, defendant would be liable. Besides, the first branch of the instruction is clearly outside the issues. It predicates liability on the acts of an entirely different class of servants, and upon wholly different acts from those charged in the declaration. In *Boardman* v. *Griffin*, 52 Ind. 101, the court says:

"It would be folly to require the plaintiff to state his cause of action, and the defendant to disclose his ground of defense, if on the trial either or both might abandon such grounds, and recover upon others substantially different from those alleged."

Instructions must be within the legal issues. *Terry* v. *Shively*, 64 Ind. 106; *Beebe* v. *Stutsman*, 5 Iowa, 275; *State* v. *Gibbons*, 10 Iowa, 118; *Piatt* v. *People*, 29 Ill. 72; *Seckel* v. *Scott*, 66 Ill. 107; *Chicago & A. R. Co.* v. *Mock*, 72 Ill. 142; *Patterson* v. *Doe*, 8 Blackf. 237.

The court below erred in refusing to exclude the evidence referred to in defendant's motion, and in giving to the jury, over defendant's objection, instruction 3, because both evidence and the instruction were outside the issues.

The judgment below is reversed and set aside, and the cause remanded for further proceedings. Costs in this court against appellee.

BRINKER and HENDERSON, JJ., concur.