(May 31, 1911.)

## C. E. CORKER, Appellant, v. VILLAGE OF MOUNTAIN-HOME, Respondent.

[116 Pac. 108.]

BONDING ORDINANCE—NOTICE OF ELECTION—PURPOSE OF BONDING.

(Syllabus by the court.)

1. A village ordinance and a notice of election which state the purpose of a proposed bond issue as follows: "To provide the funds necessary to pay the cost and expense of the installation and construction of a complete waterworks system for the village of Mountainhome, and to purchase a site and location for a power-house and water-power rights for the purpose of pumping water or any other power or machinery that may be found necessary, for the purchase of materials for said works and improvements, and for the construction of the same," are in substantial compliance with the provisions of sec. 2316 of the Rev. Codes, and state and propose only a single *purpose,* namely, the installation and construction of a complete waterworks system for the village.

2. The fact that a village ordinance and notice of election proposing the issuance of municipal coupon bonds state incidental and auxiliary purposes to be accomplished, and for which money must be expended in the construction of a complete waterworks system, does not render the ordinance or notice of election of an *omnibus* character, or include more than one purpose within the purview of the statute, sec. 2316, Rev. Codes.

3. The statement in an ordinance of incidental and subsidiary means that must be employed and for which money must be expended in the construction of a waterworks system does not render the ordinance void or invalid on the ground of stating more than one purpose.

APPEAL from the District Court of the Fourth Judicial District, in and for the County of Elmore. Hon. C. O. Stockslager, Judge.

Action by plaintiff to enjoin the issuance and sale of certain municipal coupon bonds. Judgment for the defendant, and plaintiff appealed. *Affirmed.*

A. H. Brickenstein, for Appellant.

In elections of this character, the ballots must be so prepared that every elector may declare his choice as to. each purpose, and the amount proposed to be applied thereto must also be stated.   At the election held in Mountainhome, the electors had three alternatives: First, to vote for all the purposes collectively; second, to vote against them all collectively; and third, to abstain from voting.   Under such circumstances, it is impossible to determine what the real wishes of the voters may have been with regard to the questions involved. The courts have repeatedly condemned proceedings of this character.   (Tiedeman's Mun. Corp., sec. 189; *Metcalfe v. Seattle,* 1 Wash. 305, 25 Pac. 1010; *Sioux Falls v. Farmers' Loan & Trust Co.,* 136 Fed. 721, 69 C. C. A. 373; *Elyria Gas Co. v. City of Elyria,* 57 Ohio St. 374, 49 N. E. 335; *Derby v. Modesto,* 104 Cal. 515, 38 Pac. 900.)

W. L. Harvey, for Respondent.

Every purpose expressed in the ordinance, notice of election, and all other notices are incidental to the main purpose of constructing and installing a waterworks system, and are, therefore, but necessary parts of the principal purpose and not independent of it.   And it cannot be said that such purposes invalidate the ordinances or notice, or in any way misled the voters as to the questions which they were balloting upon.   (*City of San Diego v. Potter,* 153 Cal. 288, 95 Pac. 146; *People v. Counts,* 89 Cal. 15, 26 Pac. 612; *State ex rel. Bank v. Tallman,* 29 Wash. 411, 69 Pac. 1115; 11 Cyc. 557; 21 Ency. Law, 47; *Gilbert v. Canyon County,* 14 Ida. 437, 94 Pac. 1029; *McGilvery v. Lewiston,* 13 Ida. 338, 90 Pac. 348.)

"The test of the sufficiency or validity of a notice is not whether the words and punctuation as prescribed by the statutes were used, but whether the voters at the general election held pursuant to such notice understood the questions submitted to them." (*Sommercamp v. Kelly,* 8 Ida. 712, 71 Pac.

147; Abbott's Mun. Corp., p. 424; *Brown v. Ingalls,* 81 Fed. 485; *Cleveland v. Calvert,* 54 S. C. 83, 31 S. E. 871; *State v. Millar,* 21 Okl. 448, 96 Pac. 747; *City of Cheyenne v. State,* 17 Wyo. 90, 96 Pac. 244; *R. R. Co. v. Commissioners,* 116 N. C. 563, 21 S. E. 205; *Blakey v. City Council,* 144 Ala. 481, 39 So. 745.)

AILSHIE, Presiding J.—This action was instituted in the district court in and for Elmore county by the appellant as a taxpayer of the village of Mountainhome, seeking to enjoin and restrain the village authorities from the issuance and sale of municipal coupon bonds of the village of Mountainhome in the sum of $35,000, for the purpose of constructing and installing a system of waterworks for the use and benefit of the inhabitants of the village. The district court held in favor of the village and denied the plaintiff any relief. This appeal has been prosecuted from the judgment and order so made and entered.

It appears from the record that the city council duly and regularly passed an ordinance, submitting the question to the voters of the municipality as to whether or not the bonds of the village should be issued for the purpose therein designated. Notice of the holding of the election was thereafter given, and the election was held, which resulted in favor of the bond issue as proposed. The village authorities thereupon advertised for bids, and thereafter received and accepted a bid from William E. Sweet & Co., Denver, Colo., and are now about to execute and deliver the bonds and receive the purchase price therefor.

The first question raised, as stated in the appellant's complaint and argued in his brief, is as follows: "The said ordinance, the said notice of election, all notices thereunder, and the form of the various questions submitted to the voters thereby, are of an *omnibus* character and involve a number of independent and conflicting purposes." The ordinance passed by the village trustees states the purpose of the proposed bond issue as follows: "To provide the funds necessary to pay the cost and expense of the installation and

construction of a complete waterworks system for the village of Mountainhome, and to purchase a site and location for a power-house and water-power rights for the purpose of pumping water or any other power or machinery that may be found necessary, for the purchase of materials for said works and improvements, and for the construction of the same.''

It also prescribes the manner in which the question shall be submitted to the electors as follows: ''In favor of issuing bonds to the amount of $35,000 for the purpose stated in ordinance No. 112, to provide the necessary funds to pay the costs of construction of a complete and adequate system of water supply for the village of Mountainhome, and for purchasing a proper site for pumping and other purposes, and the power necessary for such pumping and all necessary supplies and machinery, and the putting in and maintenance of such system of water supply.'' The ordinance also provides that the question should be stated to the electors both in the affirmative and negative, which was done. The election notice was in substantially the same form, and advised the voters that the election would be held for the same purpose as that stated in the ordinance submitting the question and in the form of ballot provided.

It is now argued that the ordinance and notice of election and form of ballot included several distinct purposes, and thereby violates the provisions of sec. 2316 of the Rev. Codes. That section of the statute provides that whenever the city or village authorities ''shall deem it advisable to issue the coupon bonds of such city or town for any of the purposes aforesaid,'' that is, the purposes enumerated in the preceding section (2315, Rev. Codes), ''the mayor and common council of such city or the trustees of such town shall provide therefor by ordinance, which shall specify the purpose of issuing such proposed bonds.'' Now, it must be conceded in the outset that the proposition could only include one *purpose* in the sense in which that word is used in sec. 2316. The only inquiry remaining is: Did the ordinance and notice include more than one purpose? It is specifically stated that the bond issue is to provide for the payment of the expense of the ''in-

stallation and construction of a complete waterworks system.'' The ordinance does not stop there, however, but it adds, ''and to purchase a site and location for a power-house and water-power rights for the purpose of pumping water or any other power or machinery that may be found necessary, for the purchase of materials for said works and improvements, and for the construction of the same.'' It is true that these incidental and additional things, namely, the purchase of a power site and construction of a power-house and of a water right, and the purchase of machinery for pumping purposes, might be independent and separate purposes and objects, but as here used they are only intended as incidents and auxiliaries in the hands of the village trustees in order to enable them to take all the steps necessary and do all the things essential to the construction and installation of a complete *waterworks system.* It is, therefore, only to the extent that these incidental and auxiliary purposes are necessary for the accomplishment of the main object that the village trustees would have the power to expend this money. In other words, they could not expend the money for these subsidiary purposes, independent of the waterworks system. They could not purchase an electric light plant or install a power plant for commercial purposes, nor could they purchase water rights or establish pumping stations for general irrigation purposes. It is only to the extent that these things may be reasonably necessary in the accomplishment of the main object, namely, the construction and installation of a waterworks system for the village they are representing. We are satisfied that the ordinance and notice and other proceedings had included only one purpose within the contemplation of the statute, and the ordinance and notice and ballot submitted to the electors were sufficient in this respect. (See *Howard v. Independent School Dist. No. 1,* 17 Ida. 537, 106 Pac. 692; *McGilvery v. Lewiston,* 13 Ida. 338, 90 Pac. 348; *Gilbert v. Canyon County,* 14 Ida. 437, 94 Pac. 1029.)

The next objection is ''that bonds for the construction of a waterworks system have been included in a notice for bonds for the purchase of water rights for power purposes without

specifying the amount to be devoted for the construction of a waterworks system or purchase of water rights.'' This objection is answered by what we have said with reference to the first question presented. It would doubtless have been impossible for the village authorities to designate the amount of money they would be obliged to expend in procuring water rights, or the particular amount that it would be necessary to expend for power purposes or that which would be expended directly and primarily in the construction of the ''waterworks.'' On the other hand, it will be the duty of the village authorities to expend such sum as may be necessary and essential for each of these incidental and subsidiary necessities in order to accomplish the main *purpose.*

It is lastly contended by the appellant ''that the notice of election fails to correctly or legally state the purpose for which the election was called, and in fact states a purpose unknown and foreign to the purpose declared in said ordinance.'' In cases of this kind, it is not necessary that the purpose for which the election is to be held and the bond issue is to be authorized should be stated in any exact form or specific language; but the test of the sufficiency or validity of a notice or ordinance in this respect is, whether the voters at the general election held pursuant to the ordinance and notice can be reasonably presumed from the notice itself and the ordinance to have understood the question submitted to them. There can be no reasonable doubt in this case but that the electors of Mountainhome knew and understood perfectly well that the purpose of this election was to determine whether or not the qualified voters would authorize the village authorities to issue the coupon bonds of the village of Mountainhome for the sum of $35,000, in order to construct and install a waterworks system for the use of the inhabitants of that village, and that this purpose included all the necessary and incidental means that might be covered by or included in the main object to be attained, namely, a sufficient supply of water for the use of the village and the inhabitants thereof. (See *Sommercamp v. Kelly,* 8 Ida. 712, 71 Pac. 147; 1 Ab-

bott's Munic. Corp. 424.) There is no merit in any of the points urged on this appeal.

The judgment should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Sullivan, J., concurs.